

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2008

# Ganadi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4301

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ganadi v. Atty Gen USA" (2008). *2008 Decisions.* Paper 542.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/542

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4301
_____

BASUKI GANADI; ESTER RATNADEWI INDRAWATI,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A97-849-707, A97-849-708)
Immigration Judge: Honorable R. K. Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2008

Before: FUENTES, ALDISERT and GARTH, Circuit Judges

(Opinion filed September 11, 2008)
_____

OPINION
_____

PER CURIAM

Basuki Ganadi and Ester Ratnadewi Indrawati petition for review of a final order

of removal issued by the Board of Immigration Appeals ("BIA"). We will deny their

petition.

## I.

Ganadi and his wife, Indrawati, are natives and citizens of Indonesia. Indrawati arrived in the United States in October 2001, followed by her husband approximately a year later. After the commencement of removal proceedings against them in October 2003, Petitioners requested asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). According to Petitioners, they suffered past persecution, and feared future persecution, because they are ethnic Chinese Christians.

However, the Immigration Judge ("IJ") denied Petitioners' requests for relief and ordered them removed. The BIA then dismissed their appeal. In doing so, it agreed with the IJ that "there is insufficient evidence to establish that any harm [Petitioners] experienced rises to the level of persecution and was on account of a protected ground." (AR000002 (citation omitted).) Regarding an alleged fear of future persecution, it noted that some family members have remained in Indonesia unharmed, that the Petitioners left the country some time after the alleged incidents of persecution occurred, and that the 2005 State Department country and religious freedom reports indicate certain improvements in the treatment of Christians and ethnic Chinese citizens. Finally, Petitioners failed to meet the higher burden of proof for withholding of removal and did not address the issue of CAT relief in their supporting brief. Following the BIA's dismissal of their administrative appeal, Petitioners filed a timely petition for review with this Court.

## II.

The Court has jurisdiction over this matter pursuant to 8 U.S.C. § 1252. Because the BIA agreed with the findings made by the IJ and added its own discussion, we review both the BIA's order as well as the IJ's decision. See, e.g., Jarbough v. Attorney General, 483 F.3d 184, 191 (3d Cir. 2007). Their respective findings of fact are then reviewed under a substantial evidence standard. See, e.g., id. After considering the parties' briefs as well as the record itself, we conclude that the administrative determinations at issue here are supported by substantial evidence.

Initially, Petitioners argue that the BIA erred in finding that they failed to establish past persecution on account of their Chinese ethnicity. Petitioners have admittedly identified a number of unfortunate incidents in their past, going as far back as their childhood. For instance, Ganadi claimed that he was robbed and beaten by immigration officers when traveling to work from his home and that native Muslims surrounded and threatened his church during Sunday services. Likewise, Indrawati testified that a native Muslim attempted to rape her when she was a teenager.

Nevertheless, there is adequate support in the record for the BIA to conclude either that such incidents are insufficiently severe to constitute persecution or that Petitioners failed to show that they occurred on account of a protected ground. It is well established that "the concept of persecution does not encompass all treatment that society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). Accordingly, mere criminal conduct, such as simple robbery, does not ordinarily constitute persecution. See, e.g., Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir.

2005).  The BIA further observed that, at least with respect to some of these incidents, there is no indication in the record that Petitioners or their family members had been personally targeted because of their religion or ethnicity.  It then noted that the Indonesian police actually provided physical protection for Ganadi's church and that he thereby continued to attend religious services and actively participate in his church's various activities.  See, e.g., id. at 537 ("[V]iolence or other harm perpetrated by civilians . . . does not constitute persecution unless such acts are committed by the government or forces the government is either unable or unwilling to control." (quotations omitted)).  Most of the incidents also occurred some time before Petitioners left the country.  In fact, several incidents, including the alleged attempted rape of Indrawati, took place several decades ago when Petitioners, who are now in their late fifties, were either children or teenagers.

Petitioners also allege a well-founded fear of future persecution, and they specifically assert that there is a "longstanding pattern and practice of persecution against ethnic Chinese-Indonesians."  (Petitioners' Br. at 12.)   While they refer to the 2001 State Department country report for Indonesia, they fail to mention that the BIA expressly cited the more recent 2005 country and religious freedom reports as indicating "decreased instances of inter-religious violence, a decline in discrimination and harassment against ethnic Chinese, and government action to promote tolerance." (AR000003.)  See, e.g., Wong v. Attorney General, --- F.3d ---, 2008 WL 3852363, at *8 (3d Cir. 2008) ("The factual determination as to a pattern or practice must, however, be based on the most

current information in the record . . . .").  The BIA further emphasized that several family members remained in Indonesia and that Petitioners did not leave the country until well after the alleged incidents of persecution actually occurred.  See, e.g., Lie, 396 F.3d at 536-37.  Under the circumstances, we conclude that the record contains substantial evidence to support the BIA's denial of Petitioners' future persecution and "pattern and practice" theories.  See, e.g., Wong, --- F.3d ---, 2008 WL 3852363, at *7 & n.4 (rejecting petitioner's claim that 2003 and 2004 reports demonstrate pattern or practice of persecution against Chinese Christians in Indonesia and further noting that more recent reports also document improved treatment of Chinese Christians); Lie, 396 F.3d at 537-38 (concluding that there was no pattern or practice of persecution against ethnic Chinese Christians in Indonesia based in part on 1999 country report showing sharp decline in violence since 1998 riots).

Because Petitioners thereby did not establish either past persecution or a fear of future persecution for purposes of asylum, the BIA correctly determined that they necessarily failed to meet the higher burden required for withholding of removal.  See, e.g., Gomez-Zuluaga v. Attorney General, 527 F.3d 330, 348-49 (3d Cir. 2008).   The BIA also noted that the "brief on appeal makes no argument in support of protection under CAT."  (AR000003.)  For their part, Petitioners do not appear to take issue with this statement.  In fact, the brief submitted by Petitioners in support of their petition for review generally makes only passing references to this form of relief, and it lacks any apparent argument with respect to a likelihood of torture.  See, e.g., 8 C.F.R. §

208.16(c)(2). We therefore must conclude that Petitioners have abandoned any real claim for CAT relief. See, e.g., Chen v. Ashcroft, 376 F.3d 215, 221 (3d Cir. 2004) ("[Petitioner] timely filed this petition for review, limiting his arguments to his asylum and withholding of removal claims, thus abandoning his claim for protection under [CAT].").

## III.

For the foregoing reasons, we will deny the petition for review. In addition to seeking a reversal of the BIA's decision and a remand, the Petitioners have moved for a stay of removal. The affidavit submitted in support thereof is devoid of the essentials for stay. In particular, if there was any indication that there is a probability of success, in light of our decision to deny the petition, such an allegation would have been fruitless.